CASE 35—INDICTMENT—JANUARY 17.

## Sparks vs. Commonwealth.

APPEAL FROM OWEN CIRCUIT COURT.

3b 111
93 322

3bu111
6113 731.

3bu 111
122 63J

3bu 111
f129 243

1. If a man, contrary to law and good order and public security, fire off a pistol in the streets of a town, and death be thereby produced, he must answer criminally for it, whether it be *malum in se* or merely *malum prohibitum*, and especially when he knows he is violating law.

2. "If the jury find from the evidence, beyond a reasonable doubt, that, in January, 1867, in the corporate limits of the town of Owenton, in Owen county, Kentucky, the prisoner upon trial, George W. Sparks, intentionally, wantonly, and carelessly fired off and discharged a loaded pistol, loaded with 'powder and ball or other hard substance, and this within the corporate limits of said town of Owenton, and upon one of the public streets of said town, such discharging of said pistol and shot killed George Wood, in so discharging his said pistol, such killing is manslaughter, and the jury should find the prisoner guilty of manslaughter, and punish him by confinement in the penitentiary for a period of not less than two nor more than ten years, and this without regard to whether the prisoner at the time he fired his pistol had or had not an intention to kill the said Wood or any other person." *Held*—That this instruction was properly given by the circuit court.

Sparks vs. Commonwealth.

3. "If the jury find that the prisoner, George W. Sparks, intentionally and in a wanton and careless and reckless manner fired off and discharged his pistol on a public street and thoroughfare in the town of Owenton, in Owen county, Kentucky, and thereby shot and killed George Wood, such killing is manslaughter, and the jury should so find, and fix his punishment by confinement in the penitentiary for a period of not less than two nor more than ten years, and this without regard to whether Sparks intended to kill Wood or not." *Held*—That the foregoing instruction was properly given by the circuit court.

4. If, in executing an unlawful purpose, the pistol should accidentally and prematurely go off, the accused would be criminally as liable as if he had deliberately shot it. The homicide in each case would primarily result from the recklessly executing, or attempting to execute, an illegal purpose. Unlawful conduct in either case would be the primary cause of the homicide.

5. "That if they have a reasonable doubt of the truth of any fact, any series of facts, or propositions necessary and essential, in their judgment, to the conclusion of guilt, that the prisoner is entitled to the benefit of that doubt, and they must acquit him." *Held*—That the foregoing instruction, "independent of any mere verbal criticism, essentially refers to the jury to determine what facts are essential to the conclusion of guilt, and then to determine whether such facts be established by the evidence beyond a reasonable doubt, which, in effect, refers the whole law and facts of the case to them;" and that it was properly rejected by the circuit court.

P. U. MAJOR,                      For Appellant,

CITED—

*Wharton's Crim. Law, 4th ed.*, 447, 448, 449, 452, 387.

1 *Hale*, 431; *East. P. C.*, 261.

1 *Bishop's Crim. Law*, secs. 414, 415, 416.

*Burrill on Cir. Ev.*, pp. 181, 734, 735, 736, 737.

1 *Duvall*, 228; *Smith vs. Commonwealth.*

*Criminal Code*, secs. 236, 237.

JOHN RODMAN, Attorney General,          For Appellee,

CITED—

1 *Russell on Crimes*, p. 637; *Roscoe's Crim. Ev.*, 687.

2 *Duvall*, 164; *Galliher vs. Commonwealth.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellant, upon an indictment for the murder of Geo. Wood, was convicted of manslaughter, and sentenced to two years' service in the State penitentiary. He seeks a reversal of that judgment. It appears, that, though there had previously been hard feelings and jealousy between appellant and deceased, growing out of their rival attentions to a young lady, yet, being cousins, appellant spent a large part of the Christmas holidays with decedent at his father's, in Owenton, Owen county, and they appeared to be friendly; when, January 2d, 1867, appellant and decedent, together with some others, were walking through one of the streets of the town, decedent but a few feet behind appellant, with another person by his side, and another gentleman by the side of appellant, when the latter inquired what was the fine for shooting in town, and said "Let us have a Christmas gun." One of the gentlemen addressed remonstrated against shooting, saying "They will fine you;" but appellant reached behind as if to draw his pistol from its resting-place, threw it over his shoulder, and nearly half-facing around, the pistol was fired, and the decedent shot in the breast, the bullet ranging downwards, and of, which he died in about twenty minutes.

Upon the facts substantially stated the court gave and refused instructions. Only those complained of need be alluded to.

The second and third instructions, given at the Commonwealth's instance, are as follows:

2. "If the jury find, from the evidence, beyond a reasonable doubt, that in January, 1867, in the corporate limits of the town of Owenton, in Owen county, Kentucky, the prisoner upon trial, George W. Sparks, intentionally, wantonly, and carelessly fired off and dis-

charged a loaded pistol, loaded with powder and ball or other hard substance, and this within the corporate limits of said town of Owenton, and upon one of the public streets of said town, such discharging of said pistol and shot killed George Wood, in so discharging his said pistol, such killing is manslaughter; and the jury should find the prisoner guilty of manslaughter, and punish him by confinement in the penitentiary for a period of not less than two nor more than ten years, and this without regard to whether the prisoner, at the time he fired his pistol, had or had not an intention to kill the said Wood or any other person."

3. "If the jury find that the prisoner, Geo. W. Sparks, intentionally, and in a wanton and careless and reckless manner, fired off and discharged his pistol on a public street and thoroughfare in the town of Owenton, in Owen county, Kentucky, and thereby shot and killed George Wood, such killing is manslaughter, and the jury should so find, and fix his punishment by confinement in the penitentiary for a period of not less than two nor more than ten years, and this without regard to whether Sparks intended to kill Wood or not."

It is evident that the jury took the charitable view of the evidence, and regarded it as a misadventure, unalloyed with any premeditated intent to kill Wood; and these two instructions were designed to direct them in their finding, if they should take such view; and appellant insists that these do not properly present the law, and misled the jury.

In 1st Russell on Crimes, page 636, section 4, chapter 2, book 3, it is said: "It has been shown that where, from an action, unlawful in itself, done deliberately and with mischievous intention, death ensues, though against or beside the original intention of the parties, it will be murder; and

it may be here observed, that if such *deliberation* and *mischievous* intention does not appear (which is matter of fact, and to be collected from circumstances), and *the fact was done heedlessly* and *incautiously, it will be manslaughter.*"

Again, same page, it is said: " There are many acts so heedless and incautious as necessarily to be deemed unlawful and wanton, though there may not be any express intent to do mischief; and the party committing them, and causing death by such conduct, will be guilty of manslaughter.   *   *   As, if a man, knowing that people are passing along the streets, throw a stone or shoot an arrow over a house or wall, and a person thereby be killed, this will be manslaughter, though there were no intention to do hurt to any one, because the act itself was unlawful.  So where a gentleman came to town in a chaise, and, before he got out of it, fired his pistols in the street, which, by accident, killed a woman, it was ruled manslaughter ; for the act was likely to breed danger, and was manifestly improper."

Sparks drew his pistol with the avowed intent illegally to shoot it then and there in the town, along its streets, where he not only had the right to infer that people lived in close proximity and might be passing, but when he actually knew several then of his company were passing. His throwing it over his shoulder, with a half-face about, with the muzzle toward those in his rear, manifest such recklessness and want of caution as to indicate not only an entire absence of every precaution to prevent the pistol from firing, but impresses the mind that he did recklessly and intentionally so fire it; and whether he intended thereby to wound or kill any one, it was so highly disregardful of law, order, and the personal rights and safety of others, who may then have been in the streets, as to make him criminally responsible for its results.

If a man, contrary to law and good order and public security, fire off a pistol in the streets of a town, and death be thereby produced, he must answer criminally for it, whether it be *malum in se* or *merely malum prohibitum;* and especially so when he knows, as in this instance, he is violating law ; for this, also, manifests an insubordinate and lawless intention ; and we think, both upon principle and authority, as long recognized in this State and by this court, both instructions contained true propositions of law, and do not conflict with any of its decisions.

The first and ninth instructions asked by the accused, and overruled by the court, were merely the counter view of the law from the above two, given at the Commonwealth's instance, and erroneous, if these be correct.

The tenth and eleventh instructions, asked and refused, contain the proposition, that if Sparks drew his pistol with the intent of firing it into the air, and not intending to commit a trespass upon the property or person of any one, and it accidentally went off, then they should find him not guilty.

The accused had expressed his unlawful purpose of shooting the pistol within the town, and, in pursuance of this unlawful purpose, and for its consummation, commenced drawing it, and did draw it. Every thing he did, in pursuance of such unlawful intent, and to consummate the purpose, was illegal, and why should he not be held criminally as liable, if, in executing such unlawful purpose, the pistol should accidentally and prematurely go off, as if he had deliberately shot it, but that by mere accident it had killed another? The homicide, in each case, would alike be the result of accident, and alike, too, each would, primarily, result from the recklessly executing, or attempting to execute, an illegal purpose. Un-

awful conduct, in either case, would be the primary cause of the homicide ; hence the criminal responsibility of the accused.

The eighth instruction asked by defendant, and which was also refused, is as follows : " That if they have a reasonable doubt of the truth of any fact, any series of facts or propositions, necessary and essential, in their judgments, to the conclusion of guilt, that the prisoner is entitled to the benefit of that doubt, and they must acquit him."

Independent of any mere verbal criticism upon this instruction, it essentially refers to the jury to determine what facts are essential to the conclusion of guilt, and then to determine whether such facts be established by the evidence beyond a reasonable doubt, which, in effect, refers the whole law and facts of the case to them, without in anywise informing them what were the essential facts necessary to be made out before they could find the prisoner guilty of any offense.

The other instructions given to the respective parties placed the law of the case properly before the jury; and no perceivable error is found in the rejection of instructions, nor in giving those complained of.

Wherefore, the judgment is affirmed.