## LEWIS WALLS v. COMMONWEALTH.

**Manslaughter.**

> One who recklessly fires a pistol in a crowded room and thereby kills another is guilty of manslaughter. The law will presume his intention to kill from such reckless conduct.

### APPEAL FROM DAVIESS CIRCUIT COURT.

September 4, 1884.

OPINION BY JUDGE PRYOR:

The jury in this case returned both general and special verdicts. The special verdict was in substance that the accused did not intend to take the life of the deceased but that he recklessly and carelessly fired his pistol and in so doing caused the death of the deceased.

The testimony on the part of the state shows that the firing was intentional and with a view of inflicting injury, while that on the part of the defense shows a reckless and careless handling of a pistol drawn and cocked in a crowded room where many were engaged in the dance, and from defendant's own showing he is guilty of manslaughter. According to his own statement and those who have been introduced by him the accused had gone to the

dance carrying with him a loaded pistol in violation of law, and when engaged in the dance without excuse recklessly drew the pistol from his pocket and fired it off, the ball passing into the body of the deceased and causing instant death. It is immaterial whether or not he intended to kill deceased; this reckless action made him guilty of manslaughter and we can not well see in what manner the appellant could have been prejudiced by the instructions given. If the court had the power to determine the offense from the special findings it would necessarily have been manslaughter, and the general verdict returned by the jury by which the punishment is fixed finds the accused guilty of that offense.

The fact that the accused did not intend to kill is no excuse or does not reduce the offense to involuntary manslaughter. In *Sparks v. Commonwealth,* 3 Bush (Ky.) 111, the accused fired off his pistol in the street of Owenton with no intention to kill. The ball struck a passerby, killing him, and the accused was found guilty of manslaughter. The homicide in this case was primarily the result of the reckless conduct of the accused. If the firing of the pistol in the streets with no intention to harm makes the actor guilty of manslaughter, he is certainly guilty of that offense. when firing his pistol in a crowded room so as to take the life of another, although he may not have intended it. The law will presume the intention from the consequences of such reckless conduct. The jury took a charitable view of this case, as there was proof strongly conducing to show that there was malice in the act, and besides the jury were authorized to find a lesser punishment under the general instructions given, but from the evidence they could not have found otherwise. The substantial rights of the accused have not been prejudiced by any instruction given or the admission of the testimony objected to. The facts upon which this opinion is based were developed by the accused's own proof. He asked for special findings, and while the punishment might have been lessened by the jury it was a case aggravated in its character looking to the testimony on either side.

Judgment *affirmed.*

*Haycraft & Slack, for appellant.*

*P. W. Hardin, for appellee.*