## THE STATE v. SPANGLER.

**Criminal Law**: MURDER IN SECOND DEGREE: MANSLAUGHTER. A homicide committed in sudden passion, without deliberation or premeditation, would be manslaughter. The presence of malice is necessary to constitute the crime of murder in the second degree.

*Appeal from Bremer District Court.*

THURSDAY, APRIL 22.

THE prisoner was convicted of murder in the second degree, upon an indictment charging her and William Riley with the

murder of an infant in Blackhawk county, on the fourth day of April, 1873. The venue of the cause was changed to Bremer county. Riley was also convicted upon a separate trial, and the judgment thereon was affirmed in this court at the March Term, 1875.

The defendant has brought her case by appeal for review in this court. The facts involved in the questions decided by the court appear with sufficiant particularity in the opinion.

*W. H. McClure* and *G. C. Wright*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—The District Court gave the following instructions to the jury: "13. Murder in the second degree is where a homicide or murder is committed otherwise than willfully, deliberately, or with premeditation, or in the perpetration or attempt to perpetrate any of the crimes heretofore enumerated." "14. A homicide committed in a sudden passion or heat of blood without deliberation or premeditation, would be murder in the second degree. An intent to kill is not necessary to constitute murder in the second degree."

These instructions are both erroneous in that by leaving out the element of malice, they ignore and confound the distinction between murder in the second degree and manslaughter. A homicide committed otherwise than willfully, deliberately or with premeditation may be manslaughter, or murder in the second degree, depending upon the absence or presence of malice. A homicide committed in a sudden passion or heat of blood, without deliberation and without malice, is not murder in the second degree but manslaughter.

If the jury found the offense in question contained simply the elements named in the above quoted instructions, they were warranted by their very language and import, in returning a verdict of guilty of murder in the second degree, when these elements alone under the law, authorized a verdict for no higher crime than manslaughter.

In another instruction the court directed the jury that if the infant alleged to have been destroyed was helpless, and was

abandoned and death resulted therefrom, the crime would be murder in the second degree, or murder in the first degree according to the circumstances, intent and probable result of the abandonment. It may be conceded that this instruction presents the proper distinction between the two crimes named, considered in reference to the facts mentioned therein. But it is not at all certain, not even probable, that the death of the child was caused by its adandonment.

We cannot say that defendant was not prejudiced by the erroneous instructions above quoted. We may feel satisfied that the defendant if guilty at all, must have been guilty of the grade of crime as found by the jury, namely, murder in the second degree. But it is not for us to determine the grade of her crime. The law secures to her the right to have the intelligent response of the jury, not only as to the question of her guilt, but also as to the grade of her offense. It cannot be claimed that she has had this, when the jury were directed that certain facts, as a matter of law, constitutes the crime of murder in the second degree, when they should have been told that such facts in law constitute only the crime of manslaughter.

As the judgment of the District Court must be reversed for the errors above pointed out, it becomes unnecessary to pass upon the other questions presented in the case.

REVERSED.