THE STATE OF IOWA, Appellee, v. WILLIAM H. MOORE, Appellant.

**Murder:** INCLUDED OFFENSE: INDICTMENT. Manslaughter is included in a charge of murder and there may be a conviction for the lesser offense although the indictment does not specifically charge the offense so included.

1

**Manslaughter:** INTENT. Express intent is not a necessary element in the crime of manslaughter, but a showing of negligent and reckless indifference to the lives of others is sufficient.

2

**Manslaughter:** EVIDENCE. On a trial of defendant for manslaughter, the result of negligently and recklessly riding over decedent, proof that he was riding at a greater rate of speed than allowed by an ordinance, while not conclusive, was admissible to be considered with the other evidence on the question of negligence.

3

**Contributory negligence as a defense to crime.** On a prosecution for manslaughter, the state need not negative contributory negligence of decedent, as contributory negligence is not a defense to crime.

**Manslaughter:** EVIDENCE. Evidence held to support a verdict of manslaughter, the result of gross negligence and recklessness.

*Appeal from Muscatine District Court.*— HON. A. J. HOUSE, Judge.

TUESDAY, FEBRUARY 6, 1906.

THE defendant was indicted for the murder of one Thomas M. Winnemore. There was a verdict and judgment of guilty of manslaughter, and the defendant appeals.— *Affirmed.*

*Richman & Richman,* for appellant.

*Chas. W. Mullan,* Attorney General, and *L. De Graff,* Assistant Attorney General, for the State.

WEAVER, J.— The defendant was a professional horse breaker or trainer and on the day of the alleged offense was engaged in that work in the city of Muscatine, Iowa. A horse having escaped from his control in the public street, appellant procured another horse, which he mounted and rode off in pursuit. The fleeing animal took a route leading along the street on which Winnemore resided, closely followed by the appellant. Winnemore, a man considerably advanced in years, was on or near the sidewalk and as the chase approached he went out into the roadway, and by flourishing his cane sought to stop the horse, which swerved to one side and passed by him. The deceased then turned to go back upon the sidewalk, when he was struck by the horse ridden by the appellant and knocked to the ground, receiving injury from which he soon died. Based upon this occurrence, the appellant was indicted and put upon trial for

murder. At the close of the testimony the court instructed the jury that there was no sufficient evidence of malice to sustain the charge of murder, but submitted the case for a verdict upon the charge of manslaughter, which crime it defined for the purposes of the case as " the killing of a human being through a grossly negligent and reckless act, intentionally done by another." Upon the return of a verdict of guilty appellant moved to arrest judgment thereon because of the insufficiency of the indictment to sustain the conviction, which motion was overruled. The alleged error in this ruling is the principal proposition urged upon our attention by counsel in argument.

The objection to the indictment is summed up in the claim that, as the indictment does not specifically and in express terms charge the appellant with gross negligence and recklessness in riding upon or over the deceased, he could not properly be put upon trial for an offense committed in that manner.

1. MURDER: included offense: indictment.

Counsel conceded the general proposition that a charge of manslaughter is included in a charge of murder, and that under an indictment for the latter offense the accused may be convicted of the former; but they insist that where the manslaughter, if any, is claimed to have been committed by gross negligence or recklessness, that fact must be expressly pleaded in the indictment. None of the cases cited by counsel sustain this contention. The farthest which any of them go is to hold that, upon a trial for a crime which does not necessarily include another offense, a conviction cannot be had of such other offense under an indictment which fails to allege the facts constituting it. For instance, a charge of assault with intent to kill does not necessarily include assault and battery, and in order to sustain a conviction of the latter offense upon a trial for the higher crime the indictment must contain averment of the facts constituting a battery. But the case before us is not of that class. The charge of murder in and of itself necessarily includes man-

slaughter. *State v. White,* 45 Iowa, 325; *State v. Clemons,* 51 Iowa, 274; *State v. Glyndon,* 51 Iowa, 463; *Benham v. State,* 1 Iowa, 542; *State v. Tippet,* 94 Iowa, 646; *State v. Jackson,* 103 Iowa, 702.

Under our statutes all criminal homicides are classed in the three grades of offense known as murder in the first degree, murder in the second degree, and manslaughter, and under a charge of the first or higher grade of homicide a conviction may be had of either of the lower grades, if the testimony be such as to justify it. For instance, if the charge be that the accused unlawfully, feloniously, and with malice aforethought killed another, and the proof sustains the charge as made, he may be convicted of murder in the first degree. If the state succeed in proving the killing and the malice as alleged, but fail to establish the alleged deliberation and premeditation, then there may be a conviction of murder in the second degree. If proof of malice also fail, but the killing is proved to have been done by the accused without lawful justification or excuse, there may be a conviction of manslaughter, but not of murder in either degree. In the case at bar the indictment clearly and specifically alleged that the crime of murder was committed by the appellant by unlawfully, maliciously, premeditatedly, and with malice aforethought riding his horse against and upon the deceased. In the opinion of the trial court the evidence was insufficient to justify a finding that the act was done deliberately or with malice aforethought, but instructed the jury that, if they found the killing was done with gross negligence and recklessness, the accused could be found guilty of manslaughter. This was clearly correct, unless we are to overturn all the precedents bearing upon the proposition. Had the charge been of murder by shooting the deceased, and upon the trial it was made clearly apparent that the shooting was accidental and unintentional, yet if the act was one of gross and inexcusable negligence, he could have been properly convicted of manslaughter, notwithstanding the charge

in the indictment that he acted willfully, maliciously, premeditatedly, and with malice aforethought. In such case we have distinctly held that to sustain a conviction of a lower degree, or of an included offense, the indictment need not contain words specifically charging the offense so included. *Benham v. State,* 1 Iowa, 542.

Express intent is not a necessary element in the crime of manslaughter. Negligence and reckless indifference to the lives and safety of others will supply the intent for the

2. MANSLAUGH-  purposes of the criminal law. 1 Bishop, Cr.
TER: intent.  Law, sections 313–322. It is a maxim of law
that every sane person is presumed to intend the natural and necessary consequences of his voluntary act. Bearing upon the questions here discussed, see *State v. Hardie,* 47 Iowa, 647; *People v. McFarlane,* 138 Cal. 481 (71 Pac. 568, 72 Pac. 48, 61 L. R. A. 245); *State v. Abarr,* 39 Iowa, 185; *State v. Hockett,* 70 Iowa, 442; *State v. Spangler,* 40 Iowa, 365; *Gordon v. State,* 3 Iowa, 414. Without further prolonging this branch of the discussion, we have to say there was no error in overruling the motion in arrest of judgment.

The appellant argues other alleged errors, in none of which there appears to be merit.

During the course of the trial the court permitted the state to prove an ordinance of the city limiting or regulating the speed with which persons might ride or drive upon the

3. MANSLAUGH-  streets. The court told the jury that, under
TER: evidence.  the provisions of that ordinance, the mere fact
that defendant rode his horse at a greater speed than was there prescribed did not establish the alleged negligence, but it was a fact or circumstance which they might consider, with all the rest of the evidence, in determining whether the appellant did act negligently. This we think a correct statement of the law. Defendant was not charged with a violation of the ordinance, and it was not necessary to plead it in the indictment.

It is again said that, in order to convict the defendant

of negligently and recklessly causing the death of Winne-
more, the state should have negatived contributory· negligence
on the part of the latter. It is enough to say
that contributory negligence, if shown, is never
a defense or excuse for crime, nor can it in any
degree serve to purge an act otherwise constituting a public
offense of its criminal character. The defendant was not in-
dicted for a crime or offense against Winnemore, but against
the state. When the administrator of the estate of the de-
ceased brings action to recover damages, the opportunity will
be afforded to consider the question of contributory negli-
gence. Counsel do not cite us to any authority supporting
the proposition they here rely upon, and we feel very cer-
tain that none can be found.

    Finally it is insisted that the evidence does not sup-
port the verdict, but we think otherwise. There is no
claim or proof that the horse he was riding
was unmanageable or not under the control
of its rider, or that appellant did not see deceased in time to
avoid the collision or make any effort so to do. The testi-
mony tends to show that, as the old man was knocked down,
the appellant cursed him and went on, without stopping to
assist the victim of his recklessness. On his return to the
place, after others came to the rescue of the deceased, he was
defiant, cursing those who upbraided him, and declared that
" the old man had no business to run out in the street in
front of him." The whole record tends to show a strange
and culpable recklessness upon part of the appellant, and, if
we are to rely upon the showing made, the measure of punish-
ment meted out to him is, to say the least, neither unjust nor
severe.

    The judgment of the district court is *affirmed.*

*Marginal notes:*
4. CONTRIBUTORY NEGLIGENCE AS A DEFENCE TO CRIME.

5. MANSLAUGH-TER: evidence.