Lauterbach v. State.

## Max Lauterbach *v.* State.

(*Knoxville.*   September Term, 1915.)

1. **HOMICIDE.   Intent.   Unlawful act.   Negligence.   Presumption.**
Where defendant, while driving an automobile in excess of twenty miles per hour, in violation of Pub. Acts 1905, ch. 173, killed a child who ran out in front of the automobile, he was guilty of felonious homicide, since he was negligent in violating the statute.   (*Post, pp.* 605. 606.)

Acts cited and construed:   Acts 1905, ch. 173.

Cases cited and approved:   State v. Campbell, 82 Conn., 671; State v. Goetz, 83 Conn., 437; Schultz v. State, 89 Neb., 34; Johnson v. State, 61 L. R. A., 277.

2. **HOMICIDE.   Intent.   Unlawful act.   Presumption.**
One who, while violating the law by speeding an auto, kills another is not relieved by the fact that the other ran in front of the auto, since he is presumed to anticipate the possibility of any result of his recklessness.   (*post, p* 606.)

3. **HOMICIDE.   Defenses.   Contributory negligence.**
One who, while violating a law, kills another is not relieved by the negligence of the other, for the doctrine of contributory negligence does not apply to criminal acts.   (*Post, pp.* 606, 607.)

Cases cited and approved:   Reg. v. Longbottom, 3 Cox C. C. (Eng.), 439; Reg. v. Kew, 12 Cox C. C. (Eng.), 335; State v. Moore, 129 Iowa, 514.

4. **CRIMINAL LAW.   Trial.   Conduct of counsel.   Threats.**
A statement of the prosecuting attorney that "if any one should run over a six years old child of his, he would take a cannon and shoot him," is improper, as calculated improperly to influence the jury.   (*Post, pp.* 607, 608.)

Acts cited and construed:   Acts 1911, ch. 32.

Lauterbach v. State.

5. **CRIMINAL LAW.** New trial. Discretion of court. Harmless error.

Under Pub. Acts 1911, ch. 32, providing that no judgment shall be set aside nor new trial granted for error, unless in the opinion of the appellate court it affected the result of the trial, new trial will not be granted where, in spite of the error, the judgment is sustained by the evidence. (*Post, pp.* 607, 608.)

FROM HAMILTON.

Appeal from the Criminal Court of Hamilton County.—S. D. McReynolds, Judge.

Lewis Shepherd and J. H. Daly, for appellant.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

Plaintiff in error was indicted in the criminal court of Hamilton county, for "unlawfully, feloniously, and recklessly" driving an automobile upon John D. White, and thereby causing his death.

"At the time," continues the indictment, "said Max Lauterbach was driving said automobile along St. Elmo avenue, a public thoroughfare, at a rate of speed in excess of twenty miles an hour, and in disregard of the presence of said John D. White. Whereby the grand jurors present that the said Max Lauterbach has committed involuntary manslaughter," etc.

He was convicted and sentenced to an indeterminate period of from one to five years in the State penitentiary. He has appealed to this court and assigned errors.

The weight of the evidence shows that, on the occasion referred to, the plaintiff in error was driving his automobile at the rate of from twenty-five to forty miles an hour, as estimated by the various witnesses who testified. The weight of the evidence further shows that John D. White, a child six years old, was walking with his sister on the west side of the avenue, within the traveled way; there being no sidewalk at that point. His sister held him by the hand, but he suddenly jerked away just as the automobile was approaching, ran in front of it, and was killed.

Our Act of 1905, chapter 173, provides:

"That no automobile shall be run or driven upon any road, street, highway, or other public thoroughfare at a rate of speed in excess of twenty miles per hour."

Section 6 of the same act makes the violation of any of the provisions thereof a misdemeanor punishable by a fine of not less than $25, nor more than $100. St. Elmo avenue is a much traveled street, in the town of St. Elmo, in Hamilton county.

It is insisted for plaintiff in error that, under the facts stated, his conviction was erroneous. We do not think so. His violation of the statute by running in excess of the speed limit there prescribed was negligence. One who kills another in the act of committing such negligence is guilty of felonious homicide. *State*

v. *Campbell*, 82 Conn., 671, 74 Atl., 927, 135 Am. St. Rep., 293, 18 Ann. Cas., 236; *State* v. *Goetz*, 83 Conn., 437, 76 Atl., 1000, 30 L. R. A. (N. S.), 459; *Schultz* v. *State*, 89 Neb., 34, 130 N. W., 972, 33 L. R. A. (N. S.), 403, Ann. Cas., 1912C, 495. And the rule is general at common law that one who kills another while committing an act of negligence is guilty in like manner. See extended note to case of *Johnson* v. *State*, 61 L. R. A., 277 *et seq.*

The plaintiff in error is not relieved by the fact that the child ran suddenly in front of the machine. One who is engaged in the performance of an unlawful act must take the criminal consequences of whatever happens to third persons as a result of that act. It was his duty to anticipate that he might encounter, not only grown persons, but even little children, or even people who were afflicted with blindness or deafness. One who disobeys the statutory rule as to speed is acting in defiance of law, and must be held to have anticipated the possibility of any injury caused by his recklessness.

The little child was too young to be guilty of contributory negligence; but, even if it had been a person who had arrived at years of discretion, and he had committed an act similar to that of the child, the plaintiff in error would not have been free of criminal liability, since the rule of contributory negligence does not apply in criminal cases. *State* v. *Campbell*, supra; *Reg.* v. *Longbottom*, 3 Cox C. C. (Eng.), 439; *Reg.* v. *Kew*, 12 Cox C. C. (Eng.), 335; *State* v. *Moore*, 129

Lauterbach v. State.

Iowa, 514, 106 N. W., 16, and other cases cited in note to *Schultz* v. *State,* Ann. Cas., 1912C, 501 *et seq.*

An instruction was offered, in the trial court, to the effect that if the jury should find that the death of the child "was caused by his suddenly breaking loose from his sister and running into the automobile," the plaintiff in error could not be convicted. In response, the trial judge said:

"The court gives you that instruction, gentlemen of the jury, and further states to you this proposition again that if the reckless running of the machine caused the death of this child, then he is guilty; if it did not, then he is not guilty."

From what has been already said, it is apparent that there is no error in the foregoing of which the plaintiff in error can complain. In our judgment the instruction, as requested, should not have been given at all.

There were certain improper statements made by the district attorney general in his address to the jury, to the effect that if anybody should run over a six years old child of his, he would take a cannon and shoot him. On objection being made by counsel for plaintiff in error, the attorney general said that he knew that it was agaisnt the law to do such a thing, but he would do it. These were very improper statements, and should have been rebuked by the trial judge. We do not think, however, there should be a reversal on this ground. The conviction was thoroughly grounded on the evidence, and we do not think that these improper state-

ments made by the law officer of the state influenced the verdict. This being true, we cannot reverse. Acts of 1911, chapter 32.

There being no error in the judgment of the trial court it must be affirmed.