## Crum v. Commonwealth.

(Decided December 12, 1922.)

### Appeal from Floyd Circuit Court.

Homicide—Instructions.—A defendant in a homicide case who relies upon accidental and unintentional killing as a defense, is entitled to have an instruction given by the court to the jury stating the law in such cases, and this is true although the evidence for the Commonwealth, or some part of it, strongly conduces to prove defendant guilty of willful murder if there be evidence tending to support appellant's plea of accidental or unintentional killing.

HOBSON & HOBSON and A. J. MAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This appeal by Arthur Crum seeks a reversal of the judgment finding him guilty of voluntary manslaughter and fixing his punishment at four years' confinement in the state prison. On Thanksgiving Day, 1921, Crum and the deceased, Hall, and two other men were drinking whiskey along the railroad in Floyd county. They were first seen above the water tank, when there was some disagreement between Crum and Hall, and later they went under the water tank to shelter from a rain and Hall and Crum had some controversy there during which Crum took a large pistol from his pocket and punched Hall several times. During this controversy

Crum declared that Hall had consumed enough liquor and was getting drunk and could not, therefore, have any more whiskey. Hall begged for more and was refused; then Hall declared Crum had enough whiskey and he should have no more. At that point the other two men in the crowd walked down the railroad and Crum started with them but Hall called him back and asked him if he was mad at him, and he said no; thereupon Hall offered some whiskey contained in a jar to Crum, and Crum took a drink and threw the jar on the ground, breaking it and spilling its contents. This angered Hall and he followed Crum down the railroad in the direction the other men had gone. Before going very far, Hall picked up a stone about the size of a brick and put it in his overcoat pocket. When he caught up with Crum he grabbed the pistol in Crum's pocket so as to hold it and thus prevent Crum from using it, and while they were scuffling he struck Crum a blow on the head above the ear with the stone. At that time the men had their arms around each other and fell on the railroad. In the meantime Crum had drawn his pistol and as they fell, or after they fell, the pistol was discharged, the bullet passing through the heart of Hall, killing him instantly. Several persons came up about that time and asked Crum to get up off of Hall, and he did, and they asked him if he had shot Hall and he said "no," and he took hold of Hall's coat and pulled him and told him to get up, but Hall was then dead.

Appellant Crum testified that he did not intend to shoot Hall and did not know he had shot him until after a crowd gathered and he, Crum, had gotten up from the ground; that he and Hall were good friends; that the killing was the result of accident. Some of the witnesses for the Commonwealth testified to quite a different state of facts, which evidence was sufficient to have sustained a verdict of murder.

On this appeal appellant urges but one ground which is worthy of serious consideration, and that is, the trial court failed to give the whole law of the case, especially an instruction upon the law of accidental or unintentional killing and one upon involuntary manslaughter. The court gave five instructions. The first one related to wilful murder; the second to voluntary manslaughter; the third directed the jury if it believed from the evidence beyond a reasonable doubt that Crum was guilty of either murder or manslaughter, but entertained a

doubt as to which crime he had committed, to give him the benefit of the doubt and find him guilty of the lower offense, voluntary manslaughter. The fourth instruction presented the law of self-defense, and directed the jury to acquit the defendant if at the time of the shooting of Hall appellant had reasonable ground to believe and did in good faith believe that he was then in danger of losing his life or suffering other great bodily harm at the hands of Hall. The fifth instruction merely told the jury that unless it believed the defendant had been proven guilty beyond a reasonable doubt, to find him not guilty.

From the short statement of the substance of the evidence above, it is manifest that appellant relied chiefly upon the law of accidental killing or unintentional killing, or the negligent use of firearms as his defense, and the proof he introduced tends strongly to support one or more of these defenses. This being true, it was the plain duty of the trial court to have given an instruction upon the law of accidental and unintentional killing and involuntary manslaughter as well as one on the reckless use of firearms. As the other grounds for a reversal of the judgment are technical and of little importance, we refrain from passing upon them in the hope that the trial court may on another trial avoid any real errors, if any there may be among those relied upon.

Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.