## Embry v. Commonwealth.

(Decided November 25, 1930.)

ELMER H. HICKS for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clay—Affirming.

Stanley Embry appeals from a judgment convicting him of voluntary manslaughter, and fixing his punishment at two years' confinement in the penitentiary.

One evening in October, 1929, appellant went to the home of J. N. Meredith, in Grayson county. While there, a can containing about 20 pounds of blasting powder that had been at the Meredith home for several months was brought into the room where several members of the Meredith family and others, including appellant, were present. A fire was burning in the fireplace and presently appellant picked up the can of powder, held it

under his arm, and poured some of it into his hand. A young son of J. N. Meredith asked for some of the powder, but his father refused to permit him to take any. J. N. Meredith took some of the powder from appellant, tasted it and threw two or three grains into the fire. Appellant then threw some of the powder in his hand into the fire, and it fell in behind the back log. He then threw a big handful of powder into the fire and an explosion occurred. The explosion filled the house with smoke and set it on fire. Lee Meredith, a 19 year old son of J. N. Meredith, was near the corner of the room, and Mrs. Meredith, wife of J. N. Meredith, was in the doorway leading into another room. Several of those present, including appellant, were more or less burned by the explosion, but they managed to get out of the building. Mrs. Meredith and Lee Meredith, who failed to make their escape, were burned to death.

Though we have not had occasion to consider a case involving the same or similar facts, the applicable principle of law is well settled. Thus it is said in 1 Russell on Crimes, book 3, c. 2, sec. 4, p. 636: "There are many acts so heedless and incautious as necessarily to be deemed unlawful and wanton, though there may not be any express intent to do mischief, and the party committing them and causing death by such conduct will be guilty of manslaughter." To the same effect is York v. Commonwealth, 82 Ky. 360, where we laid down the rule that, where one intentionally does an act in such a reckless and careless manner that it is calculated to endanger human life, and death ensues, he is guilty of manslaughter, although the death of the person killed may not have been intended. The rule has been applied where a man intentionally, and in a wanton, careless, and reckless manner, fired a pistol in a public street and thoroughfare of a town, and thereby shot and killed another, Sparks v. Commonwealth, 3 Bush, 111, 96 Am. Dec. 196, and to a case where death was the direct and natural, though unintentional, result of a reckless, wanton, or grossly careless use or handling of a gun when the defendant knew it was dangerous to life if so handled by him. Smith v. Commonwealth, 133 Ky. 532, 118 S. W. 368. Also it has been applied to cases where death was caused by the reckless, wanton, or grossly careless operation of an automobile under such circumstances that the defendant knew, or had reasonable grounds to believe, that the manner of operation was reasonably calculated to endan-

ger the lives of persons upon the streets. Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164. In these cases and others it was pointed out that, if the act or conduct of the accused was wanton and reckless, or grossly careless, he was guilty of voluntary manslaughter. On the other hand, if he was guilty of only ordinary negligence, or carelessness, the offense was involuntary manslaughter. In the case under consideration, there can be no doubt that appellant's act in throwing the powder into the open fire produced the explosion, and that the explosion set the house on fire and thereby caused the death of Mrs. Meredith and her son. The blasting powder was made and used for explosive purposes. Appellant had observed what occurred when J. N. Meredith threw a few grains of the powder into the fire. There were several persons in or near the room at the time. Whether appellant's act was wanton and reckless, and was committed at a time when he knew, or had reasonable grounds to believe, that it was dangerous to human life, was certainly a question for the jury. The court instructed on both voluntary and involuntary manslaughter. While the instruction on voluntary manslaughter is perhaps longer than it should have been, it embraced all the elements necessary to conviction for that offense, and is not subject to complaint. The instruction on involuntary manslaughter was more favorable than it should have been, since it authorized appellant's conviction of that offense if the jury believed that he was guilty of gross negligence instead of ordinary negligence.

But appellant insists that the court erred in not giving two offered instructions, one on accidental killing, and the other on contributory negligence.

Of course, where the death of a person results purely from accident or misadventure, there is no criminal responsibility on the part of the slayer, and the homicide is excusable. The essential elements of homicide by misadventure are absence of intent to do harm, lawfulness of the act from which death results, and proper precaution to avoid mischief. Hence one who, by his unlawful conduct or negligence, jeopardizes the lives of others, cannot escape liability for the result of the homicide on the score of accident. Rowe v. Commonwealth, 206 Ky. 803, 268 S. W. 571. Clearly, one who throws blasting powder into an open fire where several persons are present in the room, is not engaged in a lawful act, and to say the least he is not free from negligence. In

the circumstances, appellant was not entitled to an instruction on accidental killing.

With respect to the offered instruction on contributory negligence, it is argued that, inasmuch as other persons who were younger than Mrs. Meredith and her son, Lee, and less capable of taking care of themselves, escaped from the house, it is evident that Mrs. Meredith and Lee were guilty of negligence in not effecting their escape. Whatever may have been the former view of the courts on this question, it is now the general rule that contributory negligence that would defeat a civil action for damages is not available as a defense to a prosecution for manslaughter as the result of negligence. State v. Campbell, 82 Conn. 671, 74 A. 927, 929, 135 Am. St. Rep. 293, 18 Ann. Cas. 236; Lauterbach v. State, 132 Tenn. 606, 179 S. W. 130; State v. Moore, 129 Iowa 514, 106 N. W. 16, 17; Schultz v. State, 89 Neb. 34, 130 N. W. 972, 33 L. R. A. (N. S.) 403, Ann. Cas. 1912C, 495; 13 R. C. L. 859. In the first-mentioned case the court said:

> "The rule of law concerning the contributory negligence by the injured person as a defense in civil actions for damages for personal injuries had no application to this case. The state was required to prove the alleged unlawful act of the accused and its consequences, but not that the deceased exercised due care to avoid the consequences of that unlawful act."

In State v. Moore, supra, the court said:

> "It is again said that, in order to convict the defendant of negligently and recklessly causing the death of Winnemore, the state should have negatived contributory negligence on the part of the latter. It is enough to say that contributory negligence, if shown, is never a defense or excuse for crime, nor can it in any degree serve to purge an act otherwise constituting a public offense of its criminal character. The defendant was not indicted for a crime or offense against Winnemore, but against the state."

We find nothing in the facts of this case to take it out of the general rule. The fire immediately followed the explosion, and the house was filled with smoke. While the conduct of the mother and son, and all the attendant circumstances, were entitled to consideration in deter-

mining whether appellant's negligence was the proximate cause of their death, he was not entitled to an instruction excusing him from the consequences of his act if his victims failed to exercise ordinary care to escape from the burning house.

Judgment affirmed.