## Bradley v. Commonwealth.

Nov. 25, 1941.

James C. Clay for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, William Everett Bradley, was indicted in the Rowan circuit court for grand larceny. The indictment contained a second count charging that the accused had theretofore, at the November, 1936, term of the Carter circuit court, been convicted of the crime of robbery and sentenced to confinement in the state penitentiary for a period of five years. Upon his trial upon the indictment returned by the grand jury of Rowan county he was convicted and his punishment fixed at confinement in the state penitentiary for a period of ten years, and he appeals. The principal ground relied upon for reversal of the judgment is that the trial court erred in refusing to instruct the jury to return a verdict of acquittal.

Appellant was accused of stealing a motor truck, the property of the Ashland Home Telephone Company. Ben Lowe, an employee of the Ashland Home Telephone Company, testified that he saw a man driving the truck through Morehead. The truck had been parked on the street, and the man driving it was a stranger. Lowe immediately notified the employee of the Ashland Home Telephone Company who had been driving the truck, and they got in an automobile and followed it out the road toward Flemingsburg. They overtook it within a few minutes about four miles from Morehead, where it had run off the road and turned over on its side. The witness saw appellant near the wrecked truck, and he stated that in his opinion appellant was the man he had seen driving the truck in Morehead. Albert Hall lived on the Flemingsburg road near the place where the truck was wrecked. He saw it approaching traveling at a speed of 65 or 70 miles an hour. The driver of the truck

was the only man in it when it passed his home. The truck ran off the road about 100 feet from Hall's home, and he went to the scene of the accident immediately. The truck was turned up on the right side, and appellant was pinned down under the steering wheel. No other person was in or about the truck. Two other witnesses testified that they were within a few feet of the place where the truck ran off the road and that they saw the accident. They went to the scene of the accident at once and appellant was the only person in or about the truck. Appellant testified that he had not stolen the truck and was not driving it when it was wrecked. He was walking along the road about one mile from Morehead as the truck approached, and he "thumbed" a ride. After the truck was wrecked the driver climbed out and disappeared.

It is stated in appellant's brief that nowhere in the record is it shown that the theft was committed prior to the finding of the indictment. The indictment was returned on March 4, 1941, and the trial was had on March 7, 1941. There was proof that the theft occurred about two weeks before the trial. There is no merit in appellant's contention that the court should have peremptorily instructed the jury to return a verdict of acquittal.

It is next insisted that the evidence introduced by the Commonwealth of a previous conviction in another court was highly prejudicial. Appellant was indicted as a second offender under Section 1130 of the Kentucky Statutes, and proof of the former conviction was, of course, competent. Smiddy v. Commonwealth, 287 Ky. 276, 152 S. W. (2d) 949.

Appellant also complains because the court in instruction No. 1 referred to the stolen vehicle as an automobile when the proof showed without contradiction that it was a truck. The terms "truck" and "automobile" are commonly used interchangeably, and as the stolen vehicle was minutely described in the proof the jury could not have been misled by the use of the word "automobile."

It is finally insisted that the punishment inflicted is excessive, but it is within the limits fixed by the Legislature in a statute repeatedly upheld by this court. Coleman v. Commonwealth, 276 Ky. 802, 125 S. W. (2d) 728; Turner v. Commonwealth, 191 Ky. 825, 231 S. W.

519; Combs v. Commonwealth, 20 S. W. 268, 14 Ky. Law Rep. 245. Where the objection is to the particular sentence and not to the statute under which it has been imposed, a sentence which is within the limits fixed by statute, is not excessive and is therefore valid because the constitutional prohibition against cruel and inhuman punishments has reference to the statute fixing the punishment and not to the punishment assessed by the jury within the limits fixed by the statute. 15 Am. Jur., Criminal Law, Section 526; Combs v. Commonwealth, 273 Ky. 787, 117 S. W. (2d) 1000; Fry v. Commonwealth, 259 Ky. 337, 82 S. W. (2d) 431; Crutchfield v. Commonwealth, 248 Ky. 704, 59 S. W. (2d) 983.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.