## McElwain v. Commonwealth.

Feb. 10, 1942.

E. J. Stahr, D. W. Harper and J. W. Rankin for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, John McElwain, was convicted of the crime of malicious shooting and wounding with intent to kill, and his punishment was fixed at imprisonment for a term of 21 years. On this appeal he seeks reversal of the judgment because (1) the trial court erred in failing to grant him a continuance; (2) the evidence is insufficient to sustain the verdict; (3) the court erred in excluding certain testimony offered by appellant; (4) the instructions are erroneous; and (5) the punishment is excessive.

Appellant shot and wounded W. S. Walters January 7, 1941. The indictment was returned January 28, 1941, and the trial was held May 13, 1941. In appellant's brief it is stated that the attorney employed by him was not present when the case was called for trial, and the court appointed an attorney to represent him and proceeded with the trial without giving the appointed attorney an opportunity to prepare the case. On the day the case was called for trial this order was entered:

"Came the parties and announced ready for trial. The defendant acknowledged the identity of person, waived the formality of arraignment and entered the plea of not guilty."

This is the only order on the subject. The bill of exceptions contains the following:

"The defendant was expecting an attorney whom he had talked to to be present to represent him but failed to show up and after the jury was impaneled the defendant requested the court to appoint an attorney for him, whereupon C. K. Davis was appointed and the following evidence was introduced by the parties and the following proceedings had."

Nowhere does it appear that appellant asked for a continuance. When the attorney employed by him failed to appear, he asked the court to appoint an attorney to represent him which the court did. Apparently he was then ready and willing to proceed with the trial. Clearly he was not deprived of any constitutional right.

The prosecuting witness, W. S. Walters, testified that appellant and Rob Brown came to his home and asked him if he had a drink of whisky, and he answered: "No." Thereupon appellant drew his pistol and began

shooting at Walters. One bullet shattered his arm, and one entered the side of his head and passed out through his cheek, destroying one eye. After appellant returned to his home a neighbor heard him say he had ''killed one G— d— s— of a b—, and would kill another one.'' The physician who treated Walter's wounds testified in part:

''Apparently there was only one bullet which struck his skull, it entering on the left side of the head about 1½ inches below the left eye, going through the skull and making its exit through the right parietal area, thereby destroying the right eye. He also had a gun shot wound of the left forearm.''

He testified further that the wounded man's brains were oozing from the wound in his head when he reached the hospital, and that he would never recover completely.

Appellant testified that he and Brown went to Wal-.ter's home and asked him if he had any whisky. Walters answered, ''No,'' and the appellant said: ''All right, you don't have to tell me a damn lie about it.'' Appellant and Brown started away, and when about thirty feet from Walters the latter ''ran his hand in his pocket.'' Appellant, fearing that he was about to draw a pistol, began shooting. Neighbors who appeared at the scene immediately after the shooting testified that Walters was not armed. Brown, who was with appellant, failed to corroborate him. Appellant's contention that the verdict is not sustained by the evidence is wholly without merit.

The testimony excluded by the court was in relation to a conversation between appellant and his wife concerning a difficulty between the latter and a neighbor, but this difficulty had no connection with the offense with which appellant was charged. The testimony was properly excluded as it was irrelevant and incompetent. Furthermore no objection was made nor exception taken to the court's ruling.

Appellant complains of the instructions because the words ''wilfully,'' ''feloniously,'' and ''maliciously'' were not defined. In instruction No. 5 the words ''wilfully'' and ''feloniously'' were defined, and correctly so. However, failure to define these words is not prejudicial error. Eve v. Commonwealth, 278 Ky. 123, 128 S. W. (2d) 616; Timberlake v. Commonwealth, 245 Ky. 163, 53 S. W. (2d) 345. Other minor criticisms of the instruc-

tions are made, but they conform in all respects to instructions which have been approved by this court. They are copies of the instructions in Stanley on Instructions, Section 807.

Appellant's contention that the verdict is excessive and violates the constitutional prohibition against cruel and unusual punishment is likewise without merit. Constitution, Section 17. According to the evidence for the Commonwealth, appellant made a murderous and unprovoked assault on Walters who had a miraculous escape from death but has been left a cripple for life. The verdict is within the limits fixed by the Legislature for such an offense, and what constitutes adequate punishment is a matter of legislative discretion. Combs v. Commonwealth, 273 Ky. 787, 117 S. W. (2d) 1000; Fry v. Commonwealth, 259 Ky. 337, 82 S. W. (2d) 431; Crutchfield v. Commonwealth, 248 Ky. 704, 59 S. W. (2d) 983.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.