## Durham v. Commonwealth.

January 17, 1950.

James C. Carter, Jr., Judge.

Montgomery & Montgomery for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE CAMMACK—Reversing.

Freeman Durham was sentenced to five years in prison on a charge of voluntary manslaughter. The charge grew out of the death of Floyd Johnson, who was struck by a truck being driven by Durham. Reversal of the judgment is urged upon the grounds that (1) incompetent evidence was admitted as to the speed of Durham's truck; (2) there was no basis for an instruction on voluntary manslaughter; and (3) an instruction on accidental death should have been given.

The accident occurred near the end of an "S" curve just beyond the home of one of the Commonwealth's witnesses, Mrs. Orene Roby. The appellant and Johnson, who was walking along the highway, were traveling in the same direction. There was proof for the Commonwealth showing Johnson was walking on the left side of the road, facing traffic. However, Durham said that when he first saw Johnson, some 50 or 60 feet in front of him, he was walking in the center of the road. There was no evidence that either Johnson or Durham had been drinking. Mrs. Roby said she saw the truck strike Johnson, but the appellant attempted to show that the body of the truck obstructed Mrs. Roby's view at the time Johnson was actually struck. Durham said his truck was equipped with a governor and that he was traveling between 35 and 40 miles an hour as he came

out of the curve; that Johnson seemed undecided which way to go and then stopped in the road; and that he pulled his truck to the left in order to miss Johnson and then Johnson turned and walked immediately into the path of the truck and was struck by the left front fender. The appellant's evidence showed that Johnson's body was carried approximately 130 feet from the point of the accident, while that for the Commonwealth showed that it was carried more than 175 feet.

It was not shown that Mrs. Roby had had any experience in riding in or driving trucks. In response to the question, "With reference to other trucks and vehicles passing on the highway, was this truck going at a reasonable rate of speed compared to the other vehicles or somewhat faster?" she answered, "I guess he was going awful fast, I think." Bill Belden, who was plowing in a field about a quarter of a mile from the scene of the accident, and who said he heard the collision but did not see it, was permitted to testify as to the rate of speed the truck was traveling. When asked, "What rate of speed was it going?" he answered, "I couldn't say. A right smart." Willis Wright said that he saw the truck in operation about 20 minutes before the accident. When asked the rate of speed of the truck when he saw it, he said: "He was going something like fifty miles."

The appellant contends vigorously that it was error for the court to admit the foregoing testimony as to the rate of speed the truck was traveling. On the other hand, the Commonwealth contends that the evidence was competent and, when coupled with the evidence as to the distance the truck traveled after Johnson was struck, it was sufficient to warrant the submission of the question of voluntary manslaughter to the jury. It appears to us that the evidence of Belden and Wright was incompetent, but in any event it was of little probative value. Belden did not see the accident and was quite a distance away from it, and it was some 20 minutes before the accident that Wright saw the truck. Nor can much be said in behalf of Mrs. Roby's testimony as to the speed of the truck, even assuming its competency. Cornett v. Commonwealth, 282 Ky. 322, 138 S. W. 2d 492.

The evidence offered by the Commonwealth as to the speed of Durham's truck is not the character of evi-

dence which would warrant the submission of a case to the jury on the question of voluntary manslaughter. It was not evidence of substance and probative value as to the speed of the truck at the time of the collision. An instruction on voluntary manslaughter must be predicated upon recklessness, gross or wanton carelessness.

The record shows that the instruction on involuntary manslaughter was not framed properly. A proper instruction may be found in Stanley's Instructions to Juries, section 817. See Lowe v. Commonwealth, 298 Ky. 7, 181 S. W. 2d 409; Commonwealth v. Mullins, 296 Ky. 190, 176 S. W. 2d 403.

We think an instruction should have been given on accidental killing. This statement is based upon Durham's testimony as to Johnson's conduct immediately before he was struck and the physical facts which showed that the truck was driven on the left-hand side of the road at the time of the accident. See Lowe v. Commonwealth, supra.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.