## CHILDERS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Jan. 30, 1953.

J. E. Childers and E. J. Picklesimer, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

This is the second appeal of this case. On the first appeal we reversed the judgment for the reason that the record filed here on appeal did not affirmatively show that the circuit court had jurisdiction of the accused. Childers v. Commonwealth, Ky., 239 S.W.2d 255.

On retrial, appellant was again convicted of voluntary manslaughter and sentenced to 21 years' imprisonment.

In substance, the evidence discloses that on July 18, 1949, the appellant, age 16, went squirrel hunting near his home in a remote section of Pike county. He carried a shotgun for that purpose. He testified that he saw a squirrel on a limb of a tree and fired a shot at it and thought he had missed. He reloaded his gun and then seeing the squirrel run down the tree and jump into some bushes, he shot into those bushes. Upon reaching those bushes he discovered that he had shot and fatally wounded Mrs. Josephine Ratliff who was his friend and neighbor. A more complete recitation of the evidence may be found in the former opinion of this Court, cited above.

As grounds for reversal it is urged that no juvenile hearing was held as required by KRS 199.080, therefore the court had no jurisdiction of the accused; and that the court failed to instruct the jury on the whole law of the case.

We find no merit in the appellant's argument in support of his first contention. There appears in the record on appeal an order entered in the circuit court which was sufficient to give the circuit court jurisdiction of the accused.

Appellant's second ground for reversal is well taken. Appellant admitted that he shot Mrs. Ratliff, but his defense is that the shooting of Mrs. Ratliff was unintentionally or accidentally committed. Under this defense, which is supported by appellant's testimony, it was the duty of the court to give an instruction on accidental homicide. The instructions that were given by the court did not contain his

sole defense to the charge laid against him in the indictment. Such failure on the court's part constitutes prejudicial error. McCown v. Com., 250 Ky. 574, 63 S.W.2d 601; Maiden v. Com., 203 Ky. 446, 262 S.W. 588; Crum v. Com., 196 Ky. 802, 245 S.W. 501; Mann v. Com., 110 S.W. 243, 33 Ky.Law Rep. 269; See Stanley's Instructions to Juries, Section 887, p. 1183; Robertson's New Ky. Criminal Law & Procedure, Second Edition, Section 526, p. 721.

Judgment reversed.