Roy EDWARDS, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 11, 1955.

Moore & Morrow, Madisonville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

HOGG, Justice.

Appellant, Roy Edwards, Jr., was tried under an indictment charging him with the crime of voluntary manslaughter. The jury found him guilty not of voluntary manslaughter but of involuntary manslaughter, an offense included in the indictment, and fixed his punishment at confinement in the county jail for a period of six months and a fine of $2,000. From the judgment of the court he appeals, urging that the case should be reversed upon four grounds: (1) the court erred in failing to instruct the jury under KRS 435.025; (2) the court erred in failing to give the jury a concrete affirmative instruction embodying the appellant's defense of sole negligence of a third party; (3) the court erred by giving an instruction covering voluntary manslaughter; and (4) the court erred in refusing to grant a new trial because of newly discovered evidence.

James S. Burk, Sr., testified that on June 7, 1953 he, together with his wife and

young son, left their home in Flintstone, Georgia, traveling by automobile, destined for Princeton, Indiana. En route and while on U.S. Highway 41 near Nortonville, Kentucky, he noticed an automobile driven by appellant proceeding south, being the opposite direction from which Burk was traveling; that just as it appeared that the Edwards car would pass on by on the straight stretch of road, it swerved onto the shoulder of the road and continued thereon for some 75 to 100 feet and then suddenly swerved in a circular fashion over into Burk's lane of traffic and into the path of the Burk car; that he applied his brake but it was too late to avoid a collision which resulted in the death of Mrs. Burk. Burk further testified that when he first observed the Edwards car it was about a city block away from him approaching his car and that there was no other traffic on the road between his car and the Edwards car.

There was testimony by a state policeman that he found a half pint of gin with the seal broken in the Edwards car shortly after the collision, and that he could smell intoxicating liquor on the breath of Edwards after the collision. He further testified that on the basis of skid marks on the highway, the Edwards car skidded some 120 feet in length and deduced that the Edwards car was traveling from 50 to 60 miles per hour when it began to skid across the highway.

Another state trooper testified that he smelled liquor on the breath of Edwards. James Burk, Jr., son of deceased, testified that he had a conversation with Edwards at the Hopkins County Hospital after the accident in which Edwards told him that he was not drunk at the time but had been drinking.

The version of Roy Edwards as to what happened at the time of the accident is a different story. Edwards claimed that he was driving between 45 and 50 miles per hour, and that as he approached the Burk car a two-tone Chevrolet car in passing him cut in sharply, causing the right rear of the Chevrolet to hit his left fender which caused him to lose control of his car and leave the road and swerve into Burk's line of traffic. His version of what happened at the time was corroborated by Lester Babb who claimed to be driving behind Edwards at the time of the collision. Edwards also testified that he had not been drinking. As to this particular testimony he was supported by testimony of other witnesses.

The court failed to give the jury an instruction under KRS 435.025 which statute, in substance, provides that any person who by negligent operation of an automobile causes the death of another, under circumstances not otherwise punishable as a homicide, shall be imprisoned in the county jail for not more than one year.

The court below instructed the jury on voluntary manslaughter, involuntary manslaughter, general accident, and, of course, gave the usual instruction on reasonable doubt. We have recently held in Kelly v. Commonwealth, Ky., 267 S.W. 2d 536, and in Fairchild v. Commonwealth, Ky., 267 S.W.2d 528, both of which cases were automobile negligence homicide cases, that it is the duty of the court to prepare and give instructions on the whole law of the case, and the instructions must cover every state of the case reasonably deducible from the evidence. Also, see Hendrickson v. Commonwealth, 235 Ky. 5, 29 S.W. 2d 646, and Stanley's Instructions to Juries, Section 760. We said in the Kelly case that there should have been two instructions on involuntary manslaughter; one based upon the theory of gross negligence with the penalty prescribed in KRS 431.075, and the other upon the theory of ordinary negligence, with the penalty prescribed in KRS 435.025. We believe that the evidence in this case required the submission to the jury of an instruction based upon KRS 435.025. Appellant admitted that he was the operator of the automobile that collided with the Burk automobile, and that his car did suddenly cut across the road into the path of the Burk automobile after he lost control of it. His testimony alone presented a theory of the case under which appellant might have

been convicted under KRS 435.025 of negligently operating his automobile as to cause the death of another, with a penalty of not more than twelve months in jail and without any pecuniary punishment.

We are authorized by section 353 of the Criminal Code of Practice to reverse a judgment only where we are satisfied that the substantial rights of the defendant have been prejudiced. It is apparent to us that the failure of the court to give the instruction called for under KRS 435.025 was prejudicial to appellant's substantial rights because under the evidence the jury might have found him guilty of ordinary negligence and given him a less severe penalty, rather than finding him guilty of involuntary manslaughter, gross negligence, and fixing his penalty not only at a jail sentence, but at a considerable fine as well.

We assume that there will be another trial of this case, since we are reversing because of the court's failure to give the whole law of the case, and for that reason we will touch upon the other alleged errors as argued by appellant.

With respect to appellant's contention that he should have been given a concrete affirmative instruction on his theory of the case that the sole negligence of the third party caused the accident, we do not agree. It seems to us that a general instruction embracing accidental and unintentional killing is sufficient to cover this aspect of the case. We note that the lower court in the accident instruction failed to incorporate the word "unintentional" along with the word "accidental." While this failure might not be reversible error—we do not pass upon that—we suggest that the word "unintentional" be used on the next trial in the instruction covering accidental killing. See Stanley's Instructions to Juries, Section 883.

Appellant suggests that the court erred in giving an instruction on voluntary manslaughter. A person cannot be convicted of voluntary manslaughter in this kind of case unless the jury finds that the driver of the automobile was guilty of reckless and wanton conduct such as to endanger the life of others. Marye v. Commonwealth, Ky., 240 S.W.2d 852. If it be true that the Edwards car, for no apparent reason, swerved into Burk's lane of traffic, and that Edwards at the time was drinking or in a state of intoxication, the jury would have been authorized to have found Edwards guilty of voluntary manslaughter.

It is not necessary to discuss the newly discovered evidence feature of the case.

Motion for the appeal is sustained, the judgment is reversed for proceedings consistent with this opinion.