**Ralph MONSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 5, 1956.

Woodson T. Wood and Fox, Wood & Wood, Maysville, for appellant.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Ralph Monson was indicted for voluntary manslaughter and was charged with killing Henry A. Tucker by operation of a motor vehicle. He was convicted of involuntary manslaughter. His punishment was fixed at twelve months' confinement in the county jail and a fine of $5,000.

The grounds for reversal of the judgment are: (1) the punishment is excessive; and (2) the court erred in failing to give an instruction on accidental killing.

Shortly after dark on the evening of September 21, 1955, appellant drove his car into Milford, Kentucky, on State Highway 19. The highway extends north and south at that point. It was unlighted except for such light as came from Moore's store on the east side, Pratt's store across the highway, and Martin's filling station immediately north of Pratt's store.

Cars were parked on both sides of the highway. The car of the decedent, Henry A. Tucker, was partially double parked just west of a car parked in front of Moore's store. Tucker was standing at the side of his car next to the center line of the highway. A truck was parked on the opposite side of the highway in front of Pratt's store. Appellant's car approached from the north, started to turn into the filling station, and then continued down the road. At that time, the car of Garnett Gaunce was backing onto the highway from a roadway located south of Pratt's store. The truck parked in front of Pratt's store was between the approaching Monson car and the Gaunce car.

The approaching car struck the rear of the Gaunce car and glanced into the side of the Tucker car. It struck Tucker and carried him some 200 feet southward, inflict-

ing fatal injuries. The Gaunce car was pushed into the side of another car on the west side of the road; the Tucker car was pushed into a car on the east side of the road. There was considerable damage to the Gaunce and Tucker cars.

Two of eighteen witnesses for the prosecution testified that they detected the smell of some sort of intoxicant on or about appellant. None of the other witnesses, including the sheriff who took Monson to Brooksville, smelled any intoxicant. Appellant and his two companions stated that he had not been drinking.

The Commonwealth witnesses testified that appellant drove his car "at a fast speed", "making a noise like an airplane", "as fast as I ever saw a car go thru Milford", "too fast", "the car was making a lot of noise", "excessive speed", and used other expressions denoting an opinion that the car was traveling at an excessive rate of speed. None gave an opinion of the speed as to the number of miles per hour. Some witnesses stated that they were so alarmed that they ran to places of safety.

Appellant attributed the excessive noise to the type of muffler on the car which exaggerated the noise. To support his theory of the accident, he stated that he was blinded by the lights from the Tucker car. He saw neither the Gaunce nor the Tucker car until his car was about 15 or 25 feet from the Gaunce car. He said he was traveling from 30 to 35 miles per hour and was unable to stop. He lost control of his car as it struck the other vehicles. One companion fixed the speed at 30 to 40 miles per hour. The speed limit at that point was 35 miles per hour.

■ There is no merit in the contention that the punishment is cruel or that the fine is excessive under Section 17 of the Constitution of Kentucky. This is a constitutional limitation on the Legislature in the fixing of punishment by statute. It is not applicable to the punishment set by a jury so long as it does not exceed the statutory limits. Bradley v. Commonwealth, 288 Ky. 416, 156 S.W.2d 469; McElwain v. Commonwealth, 289 Ky. 446, 159 S.W.2d 11; Weber v. Commonwealth, 303 Ky. 56, 196 S.W.2d 465.

The trial court gave instuctions on voluntary and involuntary manslaughter, negligent homicide, lesser degree, and reasonable doubt. Appellant contends that his proof entitled him to an affirmative instruction covering his theory of defense that Tucker was killed by accident.

■ It is the duty of the court to instruct the jury on the whole law of the case, covering every phase presented by the evidence. By the instructions, the accused should be presented the opportunity for the jury to determine the merits of any lawful defense which he may have. Roberson's Criminal Law, Sections 1872, 1874, and 1877, pages 1987, 1991, and 1993; 53 Am.Jur., Trial, Section 650, page 501. See discussion and cases cited in Stanley's Instructions to Juries, Sections 760 and 771, pages 1027 and 1037.

The necessity of giving an instruction embodying the defense of accidental killing has long been recognized in homicide cases. In Duvall v. Commonwealth, 225 Ky. 827, 10 S.W.2d 279, 281, it was said:

"* * * it is a matter of common knowledge that self-defense, insanity, and accidental killing must be affirmatively submitted. * * *"

The Duvall case was approved in Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196; Merida v. Commonwealth, Ky., 243 S.W.2d 652; Reynolds v. Commonwealth, Ky., 257 S.W.2d 514. See Childers v. Commonwealth, Ky., 254 S.W.2d 704, for collected cases.

■ The rules relating to instructions in prosecutions for homicide generally apply to a prosecution for causing death by the operation of a motor vehicle. 61 C.J.S., Motor Vehicles, § 668, page 804. There is no criminal liability for a death

resulting from the operation of a motor vehicle where it is due to unavoidable accident or misadventure. Embry v. Commonwealth, 236 Ky. 204, 32 S.W.2d 979; 61 C.J.S., Motor Vehicles, § 662, p. 778.

The right of the accused to an accident instruction was early recognized in prosecutions involving homicide by operation of a motor vehicle. Jones v. Commonwealth, 213 Ky. 356, 281 S.W. 164. The proper instructions in such a case were set out at length in that opinion. They embodied instructions on definitions, voluntary and involuntary manslaughter, and accident. See Stanley's Instructions to Juries, Section 817, page 1084, and 1948 Supplement, page 155, for instructions in detail and cases in which they have been approved.

A conviction for voluntary manslaughter by operation of a motor vehicle was reversed in Lowe v. Commonwealth, 298 Ky. 7, 181 S.W.2d 409, for failure to give an instruction on accidental killing. The decedent was a passenger in the car. A similar instruction was authorized in Durham v. Commonwealth, 312 Ky. 29, 226 S.W.2d 337, where the decedent was a pedestrian. In Marye v. Commonwealth, Ky., 240 S. W.2d 852, an instruction on "sudden emergency" was authorized.

■ Since the Marye case and the enactment of KRS 435.025, the negligent homicide statute, doubt has been expressed as to whether an instruction on accidental killing by auto is proper. There is no reason perceived why the creation of a lesser included offense should deprive the accused of an instruction to which he previously had been entitled. The question was not presented in Kelly v. Commonwealth, Ky., 267 S.W.2d 536; Fairchild v. Commonwealth, Ky., 267 S.W.2d 528; and Ross v. Commonwealth, Ky., 275 S.W.2d 424, which held that an accused charged with manslaughter is entitled to an instruction under KRS 435.025.

■ It is urged that the giving of an accident instruction is unnecessary since the jury must determine under the negligent homicide instruction whether the accused is guilty of negligence. The fallacy of this argument is that it denies the accused the right to have presented to the jury the issue of whether the death may have resulted from some cause other than the negligence of accused. In the case at bar, appellant's evidence, if believed, showed that he was guilty of no negligence and that the death was due to other causes. The failure to instruct on accident denied the accused an affirmative instruction under which the jury may have concluded that the death resulted solely from the negligence of the decedent, or of Garnett Gaunce in backing his car onto the highway, or by the concurrence of their negligence. Where the accused relies upon facts and circumstances amounting to an avoidance of the crime, or having the effect of exonerating him of criminal intent, he is entitled to a concrete instruction on his excuse or theory of the case. Marye v. Commonwealth, supra. An accident instruction would resent the issue of negligence of others.

In Smith v. Commonwealth, Ky., 268 S.W.2d 937, a voluntary manslaughter conviction was reversed because of an erroneous affirmative instruction based on the accused's susceptibility to "blackouts" or unconscious spells. In Edwards v. Commonwealth, Ky., 276 S.W.2d 445, the giving of an instruction on general accident was not questioned. Thus, the duty to give an affirmative instruction embodying the accused's defense is still recognized in auto manslaughter cases.

■ The instructions given presented correctly the issue of negligence of the appellant. The trial court erred in failing to give an accident instruction. On another trial, the instructions given should be supplemented by definitions of the key terms used and should be followed by one similar to Instruction No. 4 in Stanley's

Instructions to Juries, Section 817, page 1085, wherein the jury is directed to find the defendant not guilty if they believe that the killing resulted from an accident, occurring otherwise than as set forth in the preceding instructions.

Judgment is reversed with directions to grant a new trial consistent herewith.