STATE of Utah, Plaintiff and Respondent,

v.

Edward Stanley DRONZANK, Defendant and Appellant.

No. 17904.

Supreme Court of Utah.

Oct. 3, 1983.

Frances M. Palacios, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

From jury convictions of second degree murder[1] and aggravated arson,[2] defendant appeals, urging insufficiency of the evidence and failure of the court to give an instruction on proximate causation.

 The testimony and other facts before the jury are as follows: While going home from work one night shortly after twelve o'clock, one Husman observed a person (later identified as the defendant) sitting on a sofa in the lobby of a small hotel, holding a newspaper. Husman remembered defendant because of the unusual hour and place. Earlier in the evening, the manager of the hotel had heard no noise, although defendant and his wife, who lived upstairs, frequently indulged in loud arguments. The manager had been sleeping in his office when, at about midnight, he went to check the furnace. The manager opened his office door and went into the lobby. There he saw a fire near the sofa and another near the telephone booth alongside of which was a pile of newspapers. He put the latter fire out with an extinguisher but was unable to control the one near the sofa. Firemen responded to a call and arrived at about 12:30 a.m. By then the fire had engulfed the entire west end of the lobby and flames were visible on the second and third floors. About twenty persons were left stranded at windows and on an adjoining rooftop. The victim of the alleged homicide was a third-floor tenant, who died of carbon monoxide inhalation and burns from the fire. There was some evidence that he had left his room and had returned to obtain some belongings before he died. Defense counsel strongly urged that this action, and not the act of setting the fire, was in fact the proximate cause of his death.

The defense points solely to specific inconsistencies as to different testimony and to inaccuracies of Husman's testimony as to height and weight of the defendant, whom he saw sitting on the sofa. Other pertinent evidence is ignored, which reasonably could have justified the jury's verdicts. The facts listed by defendant to support his contentions involved principally the identification by the witness, who, as a mere passerby, had only a side view under conditions of claimed poor lighting and partial obscurity because of the newspaper.

The defendant questions the witness's credibility largely because he testified specifically as to what defendant was wearing and his ponytail hairstyle, but could not remember that defendant had a mustache. (The mustache might well have been grown after the fire.) Defendant's criticism of the procedure used in identification by photographs appears to be argumentative. Such criticism is directed largely to the credibility of Husman's testimony. The assessment of that testimony was properly the responsibility of the jury.

It is basic that it is unnecessary to deny and/or explain away the evidence pressed by defendant to rebut guilt. There need only be substantial evidence to support the verdict.[3] In viewing the case in light of the totality of the evidence,[4] the offense may be established by circumstantial evidence.[5] Such evidence may be the only way of establishing a case of arson, which usually is based on secret preparation and activity.[6] The proof may be by a combination of direct and circumstantial evidence,[7] both of which are present in this case.

Under accepted rules of admissibility, weight, credibility and sufficiency of evidence, along with those favoring the action in the court below when supported by the

1. In violation of U.C.A., 1953, § 76–5–203.

2. In violation of U.C.A., 1953, § 76–6–103.

3. *State v. McCardell,* Utah, 652 P.2d 942 (1982); *State v. Lamm,* Utah, 606 P.2d 229 (1980).

4. *State v. Romero,* Utah, 554 P.2d 216 (1976).

5. *State v. Clayton,* Utah, 646 P.2d 723 (1982).

6. *State v. Johnson,* 96 Idaho 727, 536 P.2d 295 (1975).

7. *State v. Housekeeper,* Utah, 588 P.2d 139 (1978); *State v. Romero, supra,* note 4; *State v. Eagle,* Utah, 611 P.2d 1211 (1980).

evidence, we conclude there is no merit to the claim of error based on insufficiency of evidence.

■ The instruction requested by the defendant as to causation was unnecessary since it involved a hypothetical scenario that was not present in this case. It had to do only with a case where an intervening event broke the chain of causation, whereby the initial cause was spent and a new, independent event was the causa causans of the homicide. It was based on the assumption that because the victim went back to his room to get some belongings, the inhalation of carbon monoxide and the body burns were caused by the victim's own act. There is no dispute and no evidence that the victim died except by the poisoned fumes, accentuated perhaps by the burns on his body. The facts of this case clearly reflect the error of the requested instruction, which asked the court, after giving instructions as to causation, to add another to the effect that "A superceding cause is the act of a third person or other force which, by its intervention, prevents the defendant from being guilty for his actions resulting in the death of another." A case in point, discounting the contention, is one where a father ordered his sons back into a burning building.[8] The state is not bound in such a case to prove that a victim need use due care to protect an arsonist from his acts, and an instruction to that effect is unnecessary. Other cases subscribe to the same basic concept.[9]

The verdicts and judgments of the case below are affirmed.

---

**8.** *State v. Leopold,* 110 Conn. 55, 147 A. 118 (1929).

**9.** *Embry v. Commonwealth,* 236 Ky. 204, 32 S.W.2d 979 (1930); *People v. Nichols,* 3 Cal.3d 150, 89 Cal.Rptr. 721, 474 P.2d 673 (1970); *State v. Glover,* 330 Mo. 709, 50 S.W.2d 1049 (1932).